**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UNCHAINED CAPITAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| BORED COUNSEL LLC, | § § § | |
| Defendant. | § § | |

**COMPLAINT**

Plaintiff Unchained Capital, Inc. brings this complaint under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under Texas common law for federal and state trademark infringement, unjust enrichment, and refusal of a U.S. trademark application. Plaintiff alleges and intends to prove the following:

**PARTIES**

1. Plaintiff Unchained Capital, Inc. ("Unchained") is a Delaware limited-liability company with a principal place of business at 601 Congress Avenue, Suite 200, Austin, Texas 78701.

2. Defendant Bored Counsel LLC ("Bored Counsel") is a Utah limited-liability company with a principal place of business at 5184 W Industrial Drive, Hurricane, Utah 84737.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction to hear the federal claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction to hear the state claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Bored Counsel is deemed to reside here under § 1391(c)(2). Venue is also separately proper under § 1391(b)(2) because a substantial part of the events and a substantial part of the property at issue in this action are situated in this District.

**FACTS**

**A. Unchained's Business and Its UNCHAINED Marks**

5. Unchained is an industry-leading provider of financial services in the cryptocurrency space with a particular focus on bitcoin.

6. Founded in 2016 and headquartered in Austin, Unchained has grown to over a hundred employees and now serves thousands of customers across the country.

7. Unchained's services include bitcoin self-custody solutions, trading, inheritance, individual retirement accounts (IRAs), and commercial loans. Unchained also provides extensive educational and informational services relating to bitcoin and the financial markets more broadly, including research articles, blog posts, webinars, and educational videos.

8. Unchained offers its services under the distinctive mark and brand name UNCHAINED, which it has used in commerce continuously since at least as early as 2017.

9. The UNCHAINED mark is inherently distinctive, serving to identify and distinguish Unchained as the source of the services offered under that mark.

10. Unchained has invested heavily into marketing and promoting the UNCHAINED mark and the high-quality services it offers under that mark.

11. Due to Unchained's years of investment and its longstanding use, the UNCHAINED mark has accumulated significant consumer goodwill and commercial strength.

12. Consumers have come to trust the UNCHAINED mark as a designation of quality and as a reliable indicator that Unchained, not any other provider, is the source of the services.

13. Publicly available online customer reviews demonstrate the consumer goodwill Unchained has developed. A few examples are reproduced below:



3



14. Unchained owns three registrations with the United Patent and Trademark Office (USPTO) covering its UNCHAINED mark:

| Mark (Registration Number) | Priority Date | Goods and Services |
|---|---|---|
| UNCHAINED (Reg. No. 5745925)[1] | August 10, 2016 | Computer software for smart contract technologies; Computer software for blockchain technologies; Computer software for wealth management; Computer software platforms for wealth management; Computer software platforms for facilitation of cryptocurrency investment; Computer software platforms for smart contract technology; Computer software platforms for blockchain technology (Class 9).<br><br>Financial investment in the field of cryptocurrencies; Funds investment; Investment consultancy; Investment by electronic means; Financial services, namely, wealth management services (Class 36).<br><br>Platform as a service (PAAS) featuring computer software platforms for blockchain technology; Platform as a service (PAAS) featuring computer software platforms for smart contract technology; Platform as a service (PAAS) featuring computer software platforms for wealth management; Software as a service (SAAS) services featuring software for blockchain technology; Software as a service (SAAS) services featuring software for smart contract technologies; Software as a service (SAAS) services featuring software for wealth management (Class 42). |

---

[1] This registration was originally issued to Perfect Timing, LLC, a predecessor-in-interest to Unchained. The registration was then assigned to Unchained, and the assignment was recorded with the USPTO in November 2021.

| | | |
|---|---|---|
| UNCHAINED (Reg. No. 7308605) | November 10, 2022 | Financial brokerage services for cryptocurrency trading; Financial custody services, namely, maintaining possession of financial assets for others for financial management purposes; Financial information and advisory services; Financial services, namely, providing electronic transfer of a virtual currency for use by members of an on-line community via a global computer network; Financial exchange of crypto assets; Financial services, namely, money lending; Financial services, namely, electronic transfer of crypto assets; Financial services, namely, funding online cash accounts from prepaid cash cards, bank accounts and credit card accounts (Class 36). |
| Unchained (Reg. No. 7638145) | June 16, 2023 | Computer software platforms, downloadable, for managing cryptocurrency investments in the field of smart contract technologies; Computer software platforms, downloadable, for managing financial investments in the field of blockchain technologies; Computer software platforms, downloadable, for managing financial accounts in the field of wealth management; Computer software platforms, downloadable, for facilitation of cryptocurrency investment; Downloadable computer software for managing cryptocurrency investments in the field of smart contract technologies; Downloadable computer software for managing financial investments in the field of blockchain technologies; Downloadable computer software for managing financial accounts in the |

|  |  | field of wealth management; Downloadable computer software for facilitation of cryptocurrency investment (Class 9).<br><br>Financial brokerage services for cryptocurrency trading; Financial custody services, namely, maintaining possession of financial assets for others for financial management purposes; Financial exchange of crypto assets; Financial information and advisory services; Financial investment in the field of cryptocurrencies; Financial services, namely, electronic transfer of crypto assets; Financial services, namely, funding online cash accounts from prepaid cash cards, bank accounts and credit card accounts; Financial services, namely, money lending; Financial services, namely, wealth management services; Funds investment; Investment by electronic means; Investment consultancy (Class 36).<br><br>Platform as a service (PAAS) featuring computer software platforms for managing cryptocurrency investments in the field of blockchain technology; Platform as a service (PAAS) featuring computer software platforms for managing financial investments in the field of smart contract technology; Platform as a service (PAAS) featuring computer software platforms for managing financial accounts in the field of wealth management; Platform as a service (PAAS) featuring computer software platforms for facilitation of cryptocurrency investment; Platform |

|  |  | as a service (PAAS) featuring computer software platforms for managing inheritance; Software as a service (SAAS) services featuring software for managing cryptocurrency investments in the field of blockchain technology; Software as a service (SAAS) services featuring software for managing financial investments in the field of smart contract technology; Software as a service (SAAS) services featuring software for managing financial accounts in the field of wealth management; Software as a service (SAAS) services featuring software for facilitation of cryptocurrency investment; Software as a service (SAAS) services featuring software for managing inheritance (Class 42). |
|---|---|---|

15. Each of these registrations is valid, active, and on the USPTO's principal register. In addition, the first registration shown above (Reg. No. 5745925) has obtained incontestable status under 15 U.S.C. § 1065.

16. **Exhibit A** contains accurate copies of USPTO records showing the registrations above and Unchained's ownership of them.

B.  **Bored Counsel's Infringement**

17. Like Unchained, Defendant Bored Counsel operates in the cryptocurrency industry.

18. At some point within the past several months, Bored Counsel adopted and began using the infringing marks UNCHAINED and UNCHAINED NFTs to advertise and offer cryptocurrency-related services.

19. Bored Counsel's co-founders, Aaron Haber and Ernest Lee, have repeatedly used the UNCHAINED mark on their social media pages to advertise and offer these services. The screenshots below, captured from Haber's and Lee's respective Twitter (X) accounts, show several illustrative examples:







20. On June 21, 2025, Bored Counsel filed an application with the USPTO to register the mark UNCHAINED NFTs. *See* U.S. Ser. No. 99246091. **Exhibit B** contains accurate copies of USPTO records for Bored Counsel's application.

11

21. Bored Counsel's application covers "[d]ownloadable photographs authenticated by non-fungible tokens (NFTs)" in Class 9, the same class of goods covered by two of Unchained's existing registrations. *See* Reg. Nos. 5745925 & 7638145.

C.  **Effects of Bored Counsel's Infringement**

22. The infringing mark UNCHAINED used by Bored Counsel is identical to Unchained's senior, federally registered mark.

23. Similarly, the infringing mark UNCHAINED NFTs covered by Bored Counsel's application with the USPTO is highly similar to Unchained's senior, federally registered mark, with the only difference being the non-distinctive term "NFTs," meaning non-fungible tokens.

24. The parties' respective services are sufficiently related such that consumers are likely to believe the same company offers both services.

25. The parties have overlapping trade channels and target customers, including cryptocurrency investors and traders.

26. The parties advertise in the same media channels, including through online and social-media advertising.

27. On information and belief, Bored Counsel was aware of Unchained and its UNCHAINED mark before choosing to adopt and use the infringing marks.

28. As discussed below, Bored Counsel has also continued to use the infringing marks despite receiving pre-suit notice from Unchained of the infringement.

29. Bored Counsel's use of the infringing marks damages Unchained's goodwill and reputation as the senior trademark user of UNCHAINED.

30. Bored Counsel's use of the infringing marks unfairly allows it to trade off and unjustly benefit from Unchained's goodwill and reputation.

31. Bored Counsel's use of the infringing marks deprives Unchained of the ability to control the quality of the goods and services offered under its UNCHAINED mark.

### D. Unchained's Pre-Lawsuit Outreach

32. Before filing this action, Unchained attempted to resolve the matter with Bored Counsel outside of court.

33. Specifically, on July 22, 2025, Unchained's counsel sent a cease-and-desist letter to Bored Counsel's co-founder Ernest Lee. **Exhibit C** contains an accurate copy of Unchained's cease-and-desist letter.

34. Just a few hours after receiving the letter, Bored Counsel's co-founder Lee responded with an email containing several legally and factually inaccurate arguments. **Exhibit D** contains an accurate copy of Bored Counsel's response email.

35. In its response, Bored Counsel refused to cease its infringement, writing that it "does not intend to abandon its pending application or cease use."

36. On information and belief, Bored Counsel's response was written largely if not entirely by generative artificial intelligence.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

37. Unchained incorporates and re-asserts the allegations above.

38. Unchained owns federally registered rights in the distinctive UNCHAINED mark.

39. Unchained has priority over Bored Counsel through its senior use in commerce and through its federal registrations.

40. Unchained has not given Bored Counsel authorization to use the UNCHAINED mark or any confusingly similar marks.

41. Bored Counsel's unauthorized use of UNCHAINED is likely to cause confusion, to cause mistake, or to deceive.

42. Bored Counsel's conduct thus infringes Unchained's federally registered trademark rights in violation of 15 U.S.C. § 1114(1).

### COUNT II: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1125(a))

43. Unchained incorporates and re-asserts the allegations above.

44. Unchained owns federally enforceable common law rights in the distinctive UNCHAINED mark.

45. Unchained has priority over Bored Counsel through its senior use in commerce.

46. Unchained has not given Bored Counsel authorization to use the UNCHAINED mark or any confusingly similar marks.

47. Bored Counsel's unauthorized use of UNCHAINED is likely to cause confusion, to cause mistake, or to deceive as to the parties' affiliation, connection, or association, and also as to the origin, sponsorship, or approval of Bored Counsel's goods, services, and commercial activities.

48. Bored Counsel's conduct thus infringes Unchained's federal trademark rights in violation of 15 U.S.C. § 1125(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

49. Unchained incorporates and re-asserts the allegations above.

50. Unchained owns enforceable common law rights in the distinctive UNCHAINED mark under Texas state law.

51. Unchained has priority over Bored Counsel through its senior use in Texas.

52. Unchained has not given Bored Counsel authorization to use the UNCHAINED mark or any confusingly similar marks.

53. Bored Counsel's unauthorized use of UNCHAINED is likely to cause confusion, to cause mistake, or to deceive.

54. Bored Counsel's conduct thus infringes Unchained's trademark rights in violation of Texas common law.

### COUNT IV: COMMON LAW UNJUST ENRICHMENT

55. Unchained incorporates and re-asserts the allegations above.

56. Bored Counsel's unauthorized use of the UNCHAINED mark unjustly enables it to trade off of Unchained's goodwill, which has been built up through Unchained's great labor and expense.

57. Bored Counsel's unauthorized use of the UNCHAINED mark allows it to gain acceptance for its services not solely on their own merits, but on the reputation and goodwill of Unchained.

58. Bored Counsel's unauthorized use of the UNCHAINED mark unjustly enriches it at Unchained's expense, creates an undue advantage, and confers benefits that should belong solely to Unchained.

59. Bored Counsel's conduct thus constitutes unjust enrichment under Texas common law.

## COUNT V: REFUSAL OF FEDERAL TRADEMARK APPLICATION
### (15 U.S.C. §§ 1052(d) & 1119)

60. Unchained incorporates and re-asserts the allegations above.

61. Because this action involves registered marks, the Court has authority under 15 U.S.C. § 1119 to determine Bored Counsel's right to federally register the UNCHAINED NFTs mark covered by its pending application to the USPTO, U.S. Ser. No. 99246091.

62. The UNCHAINED NFTs mark covered by Bored Counsel's application is likely to cause confusion, to cause mistake, or to deceive with respect to Unchained's senior UNCHAINED mark.

63. Registration of the UNCHAINED NFTs mark is therefore barred by 15 U.S.C. § 1052(d).

64. The Court should enter an order certified to the USPTO Director refusing registration of Bored Counsel's application, U.S. Ser. No. 99246091, under 15 U.S.C. § 1119.

**PRAYER**

Unchained asks the Court to:

a. enter judgment finding for Unchained and against Bored Counsel on all of the claims in this complaint;

b. preliminarily and permanently enjoin Bored Counsel—including its affiliated companies, franchisees, licensees, corporate entities, owners, officers, managers, founders, agents, servants, employees, attorneys, and all other persons in active concert or participation with them—from all use of the marks UNCHAINED, UNCHAINED NFTs, and any other confusingly similar marks;

c. order Bored Counsel to remove and destroy any and all marketing (including social media marketing), advertisements, signage, bearing the marks UNCHAINED, UNCHAINED NFTs, or any other confusingly similar marks;

d. order Bored Counsel to file with this Court and to serve on Unchained, within 30 days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Bored Counsel has complied with the injunction;

e. issue an order certified to the Director of the U.S. Patent and Trademark Office for the refusal of Bored Counsel's pending application to register the mark UNCHAINED NFTs, U.S. Ser. No. 99246091, under 15 U.S.C. § 1119;

f. award Unchained all monetary remedies to which it is entitled, including but not limited to actual damages (trebled), all profits realized by Bored

Counsel (adjusted upward as the Court deems just and equitable), exemplary damages, and nominal damages under 15 U.S.C. § 1117(a) and Texas state law;

    g.    award Unchained its reasonable attorney's fees under 15 U.S.C. § 1117(a);

    h.    award Unchained the costs of this action under 15 U.S.C. § 1117(a);

    i.    award Unchained prejudgment and post-judgment interest; and

    j.    award Unchained any other relief the Court may deem appropriate.

DATED: August 7, 2025                  Respectfully submitted,

/s/ *Travis R. Wimberly*
Travis R. Wimberly
State Bar No. 24075292
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
(512) 322-5200
(512) 322-5201 (fax)
twimberly@pirkeybarber.com

*Counsel for Plaintiff*
*Unchained Capital, Inc.*